60 F.3d 837
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fabian SALAS-TORRES, Defendant-Appellee.
 No. 94-2111.
 United States Court of Appeals, Tenth Circuit.
 July 11, 1995.
 
 1
 Before HENRY, SETH, Circuit Judges and KANE[2], Senior District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 This is an appeal from a conviction of possession of a controlled substance with intent to distribute under 21 U.S.C. 841(a)(1) and 841(b)(1)(D) and 18 U.S.C. 2. We affirm.
 
 
 3
 Mr. Salas was arrested by Border Patrol agents who suspected that he was the scout for a two-person drug-smuggling operation. His unusual behavior at a checkpoint first aroused the suspicion of the agents, who conducted a search of his car using a drug-sniffing dog. Although the dog alerted on the car, the agents found no contraband. They did, however, find soap powder spread throughout the trunk and blocks of wood placed in the springs. Testimony at trial indicated that smugglers commonly use soap powder to mask the odor of marijuana and will place blocks in the springs of a heavily-laden car to keep it from riding conspicuously low.
 
 
 4
 The agents' suspicion was aroused further when they released Mr. Salas and he drove back in the direction whence he had come. They followed him to a point approximately five miles from the checkpoint, where they observed him on a frontage road, talking to the driver of a motor home. When the motor home drove off with Mr. Salas following behind, the agents stopped both vehicles. The drug dog alerted on the motor home and the agents found 82 pounds of marijuana inside, along with a fuel-pump warranty bearing Mr. Salas's name.
 
 
 5
 Before trial Mr. Salas filed a motion to dismiss or alternatively to suppress evidence found in the motor home, contending that the agents lacked both reasonable suspicion to make the stop and probable cause to arrest him. Mr. Salas argued that the agents should have waited to see which way the two vehicles went upon reaching the junction of the frontage road and the highway. Because Mr. Salas might have proceeded on the highway back toward the checkpoint, something a drug smuggler arguably would not have done, he contends that reasonable suspicion would have been established only if he had kept driving away from the checkpoint.
 
 
 6
 The government filed a response to this motion, but inadvertently filed it in the codefendant's case. The district court, in an order stating that it had read both the motion and the response, denied the motion without a hearing.[3] The case went to trial, and Mr. Salas was convicted.
 
 
 7
 On appeal the defendant contends first that the evidence was insufficient for a guilty verdict and second that the district court abused its discretion in refusing to conduct a hearing on his pretrial motion. The first contention is meritless; the record contains ample evidence from which a jury could conclude beyond a reasonable doubt that Mr. Salas was guilty.
 
 
 8
 As to the refusal to conduct an evidentiary hearing on Mr. Salas's pretrial motion, we review for abuse of discretion. United States v. Gines, 964 F.2d 972, 977 (10th Cir.1992), cert. denied, 113 S.Ct. 1023 (1993). We see none. Even where such a motion makes "definite, specific, detailed, and nonconjectural" claims, Cohen v. United States, 378 F.2d 751, 761 (9th Cir.1967), cert. denied 389 U.S. 897 (1968), the trial court is not compelled to have a hearing unless the factual allegations, if established, would warrant relief. See Grant v. United States, 282 F.2d 165, 170 (2d Cir.1960). Given the totality of circumstances surrounding the stop and detention, as established by facts undisputed by Mr. Salas, the district court was well within its discretion to deny the motion without a hearing. We accordingly AFFIRM the conviction.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 Honorable John L. Kane, Jr., Senior United States District Judge for the District of Colorado, sitting by designation
 
 
 [3]
 During the pendency of this appeal the government filed a motion to supplement the record with its response to the motion. Since the response is unnecessary to reach a decision on either of the issues before the court, the motion is denied